UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAVIER CARDENAS GOMEZ,

       Petitioner,

v.                                                    Case No. 3:26-cv-631-MMH-PDB

WARDEN RONNIE WOODAL, et al.,

       Respondents.

_____

## ORDER

### I. Status

Petitioner Javier Cardenas Gomez, an immigration detainee, initiated this action by filing, through counsel, a Petition for Writ of Habeas Corpus (Doc. 1) on March 24, 2026. The Federal Respondents (Director Todd M. Lyons, Secretary Markwayne Mullin, and Attorney General Todd Blanche[1]) filed a Response to Petition for Writ of Habeas Corpus (Doc. 12; Response). Respondent Warden filed a Motion to Dismiss (Doc. 11; Motion to Dismiss), arguing he is not a proper respondent in this case. Gomez filed counseled Replies (Docs. 13, 16). This case is ripe for review.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Markwayne Mullin and Todd Blanche are automatically substituted for Kristi Noem and Pamela Bondi, respectively.

## II. Background

According to Gomez, he is a citizen of Mexico who entered the United States without inspection in 1998. Petition at 1. On February 25, 2026, United States Immigration and Customs Enforcement (ICE) detained Gomez. Id. at 2.

## III. Analysis

The crux of Count One of Gomez's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). See Petition at 12.[2] As relief, he seeks, inter alia, immediate release. Id. at 15. The Federal Respondents argue that this Court lacks jurisdiction over Gomez's claims, he failed to exhaust his administrative remedies, and he is properly detained under § 1225(b). See Response at 4–13.

The Court is satisfied it has jurisdiction over Gomez's claims and further administrative exhaustion would be futile. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778 (M.D. Fla. Apr. 21, 2026); Lopez v. Rhoden, No. 3:26-CV-94-MMH-PDB, 2026 WL 931190 (M.D. Fla. Apr. 7, 2026); Garcia v. Warden, No. 3:26-CV-271-MMH-SJH, 2026 WL 900145 (M.D. Fla. Apr. 2, 2026). As to the merits, the United States Court of Appeals for the

---

[2] Because the Court finds that Gomez is entitled to relief on his assertion that Respondents are violating the Immigration and Nationality Act by classifying him under § 1225, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

Eleventh Circuit has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." <u>Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami</u>, - - - F.4th - - -, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026). Therefore, given that Gomez entered the United States without inspection and has been residing here for some time, he is not properly detained under § 1225(b)(2) as the Federal Respondents contend and the Court finds that release is the appropriate remedy.[3] <u>See</u> <u>Fonseca</u>, 2026 WL 1072778 at *5 (finding immediate release to be the appropriate remedy based on the government's failure to argue in the alternative that petitioner would be subject to § 1226 and the government's inability to guarantee that a bond hearing would be held).

Accordingly, it is **ORDERED**:

1.      Gomez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to Count One. Respondents shall release Gomez **within 24 hours of this Order**, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2.      Respondent Warden, Ronnie Woodall's Motion to Dismiss (Doc. 11) is **DENIED.** <u>See, e.g.</u>, <u>Fonseca</u>, 2026 WL 1072778, at *4–5.

---

[3] Insofar as Gomez requests attorney's fees, he may make such a request in a separate motion, if appropriate. <u>See</u> Local Rule 7.01, United States District Court, Middle District of Florida. Any such motion must be supported by a memorandum of law.

3.     The **Clerk** is directed to terminate any motions, enter judgment granting the Petition as to Count One, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of May, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 5/5
c:
Counsel of Record

4